Maeston, J.:
The relator, on behalf of himself and others, heirs-at-law of Ira Jones, deceased, for the purpose of having the probate and allowance, in and by the probate court of Kent county, of a paper purporting to be the last will and testament of said de *468 ceased, set aside and vacated, and a prior valid will established, filed his bill of complaint in the circuit court for the county of Kent in chancery. The defendant in that case appeared and put in a demurrer, which was overruled. She then caused her answer to be put in. A general replication was then filed and the cause was at issue May 16th, 1875. Upon the 17th day. of May, 1875, defendant, by her solicitor, ¡presented to said circuit court a petition and bond under section 21 of the act providing for a municipal court in the city of Grand Rapids, and thereon obtained an order transferring and removing said cause to the superior court.
Defendant afterwards caused to be filed in said superior court copies of all papers, as required by said section, and caused the case to be docketed in said court for hearing. The only reason assigned for the removal of this cause was the residence of the defendant in Grand Rapids. The relator resides within the county, but not within the city.
The relator afterwards, Nov. 15, 1875, moved the said circuit court to vacate said order of removal and transfer, and to proceed with said cause in said circuit court, on the ground that said act did not authorize the transfer of chancery causes, and the superior court did not have jurisdiction of said cause. This motion was denied, and relator now applies to this court for a mandamus commanding said circuit court to vacate said order of transfer, and to proceed with said cause according to the practice of said circuit court court in chancery. An answer has been put in admitting *all the facts, and the question raised has been submitted upon briefs. The act, No. 49, Sess. Laws of 1875, p. 42, which provides for a municipal court to be called “ the superior court of Grand Rapids,” follows almost verbatim the act of 1873 which provided for the establishment of the superior court in the city of Detroit. Sec. 13 of this act of 1875 defines the jurisdiction of the superior court and attempts to confer jurisdiction upon said court in a very large class of cases, both at law and in equity, and does not limit it in any way to what could be considered or designated as cases under our system properly pertaining to a municipal court.
*469 Section 21 provides for tbe removal of any cause pending at tbe time the act took effect in tbe circuit court for tbe county of Kent and witbin tbe jurisdiction of said superior court; and also provides that tbe defendant, in the case of a suit witbin such jurisdiction thereafter commenced, at tbe time of entering bis appearance in said circuit court, may file a petition, etc., for its removal. This section, if intended to be at all applicable to tbe removal of chancery causes would seem to be intended to be general, and to authorize tbe removal of any and every cause coming witbin tbe jurisdiction of said superior •court, at tbe option of tbe defendants. When we come to apply it, however, we find very serious difficulties in tbe way of thus carrying out tbe apparent intention in this respect. Tbe defendants are to file their petition for removal at tbe time of entering their appearance, and the-apparent intent and policy •of this section would seem to require all the defendants to join in such petition or tbe cause could not be removed. In chancery cases tbe defendants have a right to appear jointly or severally, and very commonly have distinct rights and defenses. •Some of them may be brought in by personal service and thus required to enter an appearance within a very brief period, while their codefendants may be brought in by publication, thus giving them several months longer, while in still other cases years may intervene before a *defendant is barred from appearing in tbe case. If, then, tbe one who should first cause bis appearance to be entered should not at tbe same time make application for tbe removal, tbe others, upon coming in, no matter bow much they should desire a •removal, would be unable to obtain one; or if tbe first when entering bis appearance should desire a removal be would be unable to obtain one, because of not having tbe other defendants to join with him. We suggest this as one of tbe many practical difficulties arising under this act.
This act undertakes apparently to give to tbe municipal court a jurisdiction corresponding to that of the circuit courts, both as to parties and as to subject matter, if indeed it does not go beyond this; but effect cannot be given to its piovisions without to some extent subordinating the jurisdiction of tbe latter *470 to the former. According to its terms, any defendant, being a resident of the city, or served with process therein, may of right have a suit transferred from the circuit to the city court. No corresponding right of transfer from the city to the circuit court is conferred, and it follows that in a case where one party is within the city and one without it, the former may always by his election bring the case within the municipal court. Such a power of transfer under such circumstances certainly makes the court something more than a mere municipal court, for the case belongs at least as properly to the circuit as to the municipal court, if it be competent to make them in all respects equal in jurisdiction, which is not decided.
Besides the difficulties here mentioned, others occur to us, but the question as to the jurisdiction, both original and concurrent, attempted to be conferred-upon this court, and especially the transfer of causes from the circuit to the superior court, which is authorized at the option of either party, without reference to the location or situation of the subject matter, is one of such grave importance that we prefer not to pass upon it, without having a full discussion thereon by counsel.
*It is in our judgment very much to be regretted that, for reasons which we cannot discuss, parties have never seen fit to bring before us for discussion heretofore the jurisdictional question concerning the validity as well as construction of some important provisions of this legislation, which is certainly extraordinary, and involves the gravest consideration.
In this case the writ must issue as prayed.
The other justices concurred.